FILED

2018 Feb-20  PM 12:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

RUTH W. McCALL,

      Plaintiff,

v.                              CASE NO.:

WELLS FARGO BANK, N.A.,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, Ruth W. McCall, by and through the undersigned counsel, and sues Defendant, WELLS FARGO BANK, N.A., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1.     The TCPA was enacted to prevent companies like WELLS FARGO BANK, N.A. from invading American citizen's privacy and to prevent abusive "robo-calls."

2.     "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3.     "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to

rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991).  Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling."  *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.     According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC.  There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6.     Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7.     The alleged violations described herein occurred in Jefferson County, Alabama. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8.     Plaintiff is a natural person, and citizen of the State of Alabama, residing in Jefferson County, Alabama.

9.     Plaintiff is the "called party."  See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10.     Defendant, WELLS FARGO BANK, N.A., is a corporation with its principal place of business located at 420 Montgomery Street, San Francisco, CA 94163 and which conducts business in the State of Alabama through its registered agent, Corporation Service Company, Inc. located at 641 South Lawrence Street, Montgomery, AL 36104.

11.     WELLS FARGO BANK, N.A. called Plaintiff approximately 1,000 times in an attempt to collect debts associated with her mortgage and home equity line of credit accounts.

12.     Upon information and belief, some or all of the calls WELLS FARGO BANK, N.A. made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator

(including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because an agent told her that the calls "came from a machine".

13.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (205) *** 9219 and was the called party and recipient of Defendant's calls.

14.     WELLS FARGO BANK, N.A. placed an exorbitant number of automated calls to Plaintiff's cellular telephone (205) *** 9219 in an attempt to collect on a mortgage and/or home equity line of credit loan.

15.     The autodialer calls from Defendant came from telephone numbers including but not limited to (800) 944-4601, and when those numbers are called a pre-recorded voice or agent answers and identifies the number as belonging to Wells Fargo.

16.     On at least five (5) occasions since 2011 Plaintiff has instructed WELLS FARGO BANK, N.A.'s agent(s) to stop calling her cellular telephone. Plaintiff believes that she is a victim of fraud and that she does not owe WELLS FARGO BANK, N.A. money. Plaintiff has repeatedly asked WELLS FARGO BANK, N.A.'s agents to "please stop calling" to collect a debt she does not believe she owes. On one occasion, Plaintiff spoke to an agent named "Ms. Brown" who advised Plaintiff that the calls would continue "because they are automatically made by a machine."

17.     WELLS FARGO BANK, N.A. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

4

18.     WELLS FARGO BANK, N.A. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or WELLS FARGO BANK, N.A., to remove the number.

19.     WELLS FARGO BANK, N.A.'s corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to WELLS FARGO BANK, N.A. they do not wish to be called.

20.     WELLS FARGO BANK, N.A. has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

21.     WELLS FARGO BANK, N.A. has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

22.     WELLS FARGO BANK, N.A. has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

23.     WELLS FARGO BANK, N.A.'s corporate policy provided no means for Plaintiff to have Plaintiff's number removed from WELLS FARGO BANK, N.A.'s  call list.

24.     WELLS FARGO BANK, N.A. has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

25.     Not one of WELLS FARGO BANK, N.A.'s telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

26.     WELLS FARGO BANK, N.A. willfully and/or knowingly violated the TCPA with respect to Plaintiff.

27.     From each and every call placed without express consent by WELLS FARGO BANK, N.A.  to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

28.     From each and every call without express consent placed by WELLS FARGO BANK, N.A. to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from  WELLS FARGO BANK, N.A.'s call.

29.     From each and every call placed without express consent by WELLS FARGO BANK, N.A. to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

30.     Each and every call placed without express consent by WELLS FARGO BANK, N.A. to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste

time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

31.    Each and every call placed without express consent by WELLS FARGO BANK, N.A. to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

32.    Each and every call placed without express consent by WELLS FARGO BANK, N.A. to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

33.    Each and every call placed without express consent by WELLS FARGO BANK, N.A. to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

34.    As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness, and aggravation.

## COUNT I
### (Violation of the TCPA)

35.    Plaintiff fully incorporates and re-alleges paragraphs 1 through 33 as if fully set forth herein.

36.    WELLS FARGO BANK, N.A. willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified  that Plaintiff wished for the calls to stop

37.    WELLS FARGO BANK, N.A. repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against  for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Theodore A. Gulas*
ASB-0576-S82T
Morgan & Morgan, P.A.
2031 Second Avenue North
Birmingham, AL 35203
Tel: (205) 517-6900
Fax: (205) 517-6901
igulas@forthepeople.com
*Counsel for Plaintiff*